Argued December 4, reversed and remanded December 19, 1962

## STATE OF OREGON v. POWELL

377 P. 2d 7

*John E. Moore,* Deputy District Attorney, Eugene, argued the cause for appellant. With him on the brief was William F. Frye, District Attorney, Eugene.

No appearance for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

GOODWIN, J.

The state appeals from a judgment on a demurrer in favor of the defendant in a prosecution for passing another motor vehicle at an intersection when the movement could not be made in safety.

The circuit court, hearing the case *de novo* upon appeal from the district court, sustained the defendant's demurrer to the complaint. The demurrer was grounded upon the failure of the state to proceed by a complaint in the form prescribed by ORS 484.150 (1).

We may assume, without deciding, that the legislature intended to make the Oregon Uniform Traffic Citation, modeled after that promulgated by the American Bar Association, the exclusive method of instituting a prosecution for the violation of certain of the laws of this state. The sole question is whether a demurrer can reach the defect. It is conceded that the complaint employed in this case stated a violation of ORS 483.308 (3). The complaint is sufficient against demurrer unless the enactment in 1959 of the sections of the code relating to the Uniform Citation changes the rules of pleading.

The difficulty is created by these two sections:

ORS 484.150 (1). " A traffic citation conforming to the requirements of this section shall be used for all traffic offenses in this state."

ORS 484.170 (2). "In a felony case, or a case of negligent homicide as defined in ORS 163.091, or in any other case in which the prosecuting attorney deems it appropriate, there shall be filed an indictment or information as in ordinary criminal cases."

It is instantly apparent that if "indictment or information" as used in ORS 484.170 (2) is taken to include "complaint" in all minor traffic offenses the entire scheme of the chapter is seriously handicapped. The chapter in which both sections are found is manifestly a legislative expression of a purpose to employ a single uniform traffic citation throughout the state. The contents of the Uniform Traffic Citation are set

forth, with each of its four component parts described in detail.

While the district attorney has disclosed no reason, and we can conceive of none, for choosing to disregard the plain intent of the legislature in the case at bar, we are reluctantly forced to conclude that the matter cannot be remedied by demurrer. ORS 132.590 reads as follows:

"No indictment is insufficient, nor can the trial, judgment or other proceedings thereon be affected, by reason of a defect or imperfection in a matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

Certainly the defendant could not have been prejudiced by the district attorney's decision to disregard the uniform citation and make up one of his own. ORS 156.030 provides that a complaint in justice court (and by extension in district court) may be deemed an indictment under ORS 132.590. Since the complaint was not defective in a manner that could be reached by demurrer, it was error to sustain the demurrer.

Under ORS 484.420, the Traffic Court Rules Committee has been established and invested with certain powers, including the power to advise this court concerning rules for the conduct of cases involving traffic offenses. In the event that the intended uniformity is jeopardized by local option, the remedy would appear to lie in the promulgation of an appropriate rule to augment the statutory scheme. Until such a rule is made, however, there does not appear to be a procedural method for dismissing a complaint that does not conform to ORS 484.150.

Reversed and remanded.